**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**SHAWN M. RICE,**

Petitioner,

**v.**

**BRYAN ANTONELLI, Complex Warden,**

Respondent.

**Civil Action No.:5:20-cv-234**
Judge Bailey

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On October 30, 2020, Shawn Rice, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "Petition"). The petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction from the Eastern District of Kentucky. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

### II.    BACKGROUND[1]

Following a two-day trial, on December 9, 2009, a jury found the petitioner guilty

---

[1] Unless otherwise noted, the information in this section is taken from the petitioner's criminal docket available on PACER and all ECF numbers are from that case.  See United States v. Rice, 2:09-cr-00068-DCR-REW.  Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

of possessing a firearm after he had been convicted of a felony in violation of 18 U.S.C. § 922(g)(1).   On March 30, 2010, the petitioner was sentenced to a term of imprisonment of 235 months for this crime. [Doc. 42].  At the time the underlying offense was committed, the petitioner was subject to an undischarged term of supervised release. Therefore, his firearm conviction resulted in an additional, consecutive sentence of 24 months.

After his conviction but prior to sentencing, the petitioner filed a Motion for Judgment of Acquittal which challenged the sufficiency of the government's evidence presented during trial. [Doc. 35].  However, the Court concluded that this argument was without merit. More specifically, the Court noted that:

> As this Court concluded previously, the evidence produced at trial by the United States was sufficient to support a finding as to all three elements of the offense charged in the indictment. During trial, the parties stipulated to the requisite element that the Defendant has a qualifying felony conviction. Further, the Defendant did not contest the United States' proof of interstate nexus of the firearm. With respect to the contested element of possession, the United States presented sufficient evidence that the Defendant actually possessed a firearm identified in the indictment on the date in question. The testimony of Covington Police Officer Mark Richardson, standing alone, supports the conclusion that Defendant Rice possessed a weapon on July 11, 2009. Officer Richardson testified that, as he pursued the Defendant, the Defendant placed his hands in the front of his shorts, giving the appearance that he was carrying a firearm. When the Defendant was eventually subdued, a firearm was found several inches from his feet. While counsel for Defendant Rice argued that other testimony indicated the firearm was located approximately six feet from the area where Rice fell to the pavement, this potential factual discrepancy was an issue for the jury to resolve.
>
> Other evidence offered by the United States also supports a conviction for the offense charged. This includes the testimony of witnesses describing a person fitting the Defendant's physical description and possessing a firearm in the general area where the Defendant was eventually located. This testimony, together with all the other evidence submitted by the United States, constitutes

> evidence that a reasonable jury could rely upon in determining whether the Defendant was guilty of possessing a firearm charged.

[Doc. 36].

On direct appeal, the petitioner argued that there was insufficient evidence to support his conviction, that the District Court erred in admitting hearsay evidence at trial, that the District Court erred in granting the Government's motion to reopen the hearing on his motion to suppress, and that the District Court erred in sentencing him as an Armed Career Criminal under 18 U.S.C. § 924(c). [Doc. 53]. The Sixth Circuit rejected the Petitioner's arguments and affirmed his conviction on June 12, 2011. The Supreme Court denied the petitioner's subsequent petition for a writ of certiorari. [Doc. 56].

On November 9, 2012, the petitioner filed a pro se Motion to Vacate under 28 U.S.C. § 2255. [Doc. 60].  The petitioner sought 2255 relief based on alleged ineffective assistance by trial counsel. Specifically, the petitioner claimed counsel provided constitutionally ineffective assistance by (1) failing to "[object] to the law in relation to the facts of [his] case;" (2) failing to show the court that the government did not prove all elements of the charged offense; (3) failing to request acquittal on the ground that the government did not meet its burden of proof; and (4) failing to argue for acquittal on the ground that the government did not meet its burden of proof as to each element of the offense, thus preventing appellate review of the issue. On April 16, 2013, the District Court denied and dismissed the Petitioner's motion to vacate pursuant to § 2255 and declined to issue a certificate of appealability. [Doc. 67].

On December 14, 2020, the petitioner filed a Motion for Compassionate Release under 18 U.S.C. 3582(c)(1)(A). In support of that motion, the petition alleged that the COVID-19 precautions in place at his institution of confinement have a detrimental

effect on his diagnoses of anxiety, left-hand neuropathy, and glaucoma. [Doc. 69].   On December 15, 2020, the District Court denied the motion. [Doc. 70].

### III. <u>STANDARD OF REVIEW</u>

#### A.  Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4,  Rules Governing Section 2254 Cases in the U.S. District Courts (2014); <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.  Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. <u>See Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. <u>See Weller v. Dep't of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

## IV.   **CLAIMS OF THE PETITION**

The petitioner alleges that he is under a sentence and conviction for a crime that he did not commit in light of Rehaif v. United States, 139 S.Ct. 2191 (2019). In addition, the petitioner relies on the Fourth Circuit decision in United States v. Medley, 828 Fed. Appx. 923 (4th Cir. Nov. 12, 2020)[2].  In essence, the petitioner argues that Government did not prove that he belonged to the relevant category of persons barred from possessing a firearm. For relief, the petitioner requests that his conviction be vacated, and his sentence set aside.

## V.   **APPLICABLE LAW**

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions

---

[2] The Medley case was reopened on November 12, 2020, upon the grant of rehearing en banc. See Doc. 78 in Appellate Case No. 18-4789 (4th Cir.). On January 14, 2021, the case was placed in abeyance pending the decision in Greer v. United States, No. 19-9709 from the United States Supreme Court. Moreover, Medley was decided on direct appeal which has a different standard of review than either a § 2255 or § 2241.

pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[3] and the standard is an exacting one.  The Fourth Circuit

---

[3] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>.  *See* <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333– 34 (4th Cir. 2000).  Where, as here, a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the <u>Jones</u> test for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  *See* <u>Wheeler</u>, 886 F.3d at 423–26.

**VI.    ANALYSIS**

Although the petitioner has raised the savings clause, he is not entitled to its application. Even if the petitioner satisfied the first and third elements of <u>Jones</u>, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of <u>Jones</u>.

In <u>Rehaif</u>[4], the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(1), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 130 S.Ct. at 2195. The petitioner in <u>Rehaif</u> was an alien who entered the country on a nonimmigrant student visa to attend university. He received poor grades and the university dismissed him. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. <u>Id.</u> at 2194. After the Government learned of the petitioner's visit to a firing range, where he shot two firearms, the petitioner was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over the petitioner's objection, that the "United States is not required to prove" that the petitioner "knew he was illegally or unlawfully in the United States." <u>Id.</u> at 2194. The jury found the petitioner guilty and he was sentenced to 18 months' imprisonment. <u>Id.</u> At issue before the Supreme Court was whether the Government must prove that a defendant knows of his status as a person barred from possessing a firearm, which in that case was the petitioner's status as an illegal alien. <u>Id.</u> at 2195. The Supreme Court held that, in possession under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm <u>and</u> that he knew he belonged to the relevant category of persons barred from possessing a firearm. <u>Id.</u>

The Fourth Circuit has noted that <u>Rehaif</u> abrogated prior circuit precedent. <u>United States v. Lockhart</u>, 947 F.3d 187, 196 (4th Cir. 2008) (citing <u>United States v.</u>

---

[4] <u>Rehaif</u> reversed and remanded a decision by the United States Court of Appeals on direct appeal.

Langley, 62 F.3d 1995), abrogated by Rehaif, 139 S.Ct. 2191). Therefore, the first prong of the Jones test is satisfied.

However, the petitioner cannot satisfy the second requirement. Since Rehaif, several courts within the Fourth Circuit have held that Rehaif did not change substantive law because the conduct for which the petitioner was convicted is still illegal. See, e.g., Azar II, 2020, WL 3843638, at *2 ("being a felon in possession of a firearm remains a valid criminal offense"); Erby v. Breckon, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (citing cases); Hoffman v. Breckon, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020); Swindall v. Hudgins, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D.W. Va. Jan 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); Taylor v. Huggins, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D.W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense and therefore he cannot satisfy the second element of Jones."), adopted by 2019 WL 6467823 (N.D.W. Va. Dec. 2, 2019); Moss v. Dobbs, No. 8:19-cv-02280, 2019 WL 728-4989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in Jones requires that subsequent to a prisoner's direct appeal and first 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), adopted by 2019 WL 5616884 (D.S.C. Oct. 31, 2019) see also Moss, 2019 WL 7284989, at *6-7.[5]

---

[5] Likewise, the Sixth Circuit has held that the "rule stated in *Rehaif* is a matter of statutory interpretation, not a "new rule of constitutional law." Khamisi-El v United States, 800 Fed. Appx. 344, 349 (6th Cir. 2020). Courts throughout the Sixth Circuit

Consequently, because the petitioner attacks the validity of his conviction and fails to establish that he meets all the <u>Jones</u> requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. <u>Rice</u>, 617 F.3d at 807.

## VII.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to  file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**   A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas</u>

have recognized that <u>Rehaif</u> does not apply retroactively to cases on collateral review. <u>See</u> <u>United States v. Conley</u>, 5:10-CR-00490, 2020 WL 2933560 N.D. OH, June 3, 2020) (collecting cases).

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED: February 3, 2021**

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE