IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**SHAWN M. RICE,**

        Petitioner,

v.                      **CIVIL ACTION NO. 5:20-CV-234**
                                  Judge Bailey

**BRYAN ANTONELLI,** Complex Warden,

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 10]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on February 3, 2021, wherein he recommends that petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice for lack of jurisdiction. For the reasons that follow, this Court will adopt the R&R.

### I.  BACKGROUND

Petitioner is a federal inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on October 30, 2020, pursuant to 28 U.S.C. § 2241. On March 29, 2010, the petitioner was sentenced to

1

235 months of imprisonment after being convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1]

On October 30, 2020, petitioner filed the instant petition. In his memorandum of law in support of his petition, petitioner argues that his conviction is constitutionally invalid in light of the Supreme Court's holding in **Rehaif v. United States**, 139 S.Ct. 2191 (2019). Petitioner contends that post-**Rehaif**, "an individual is not guilty of an (sic) 922(g) offense unless he had knowledge of his prohibited status" and that, therefore, his conviction is now constitutionally invalid. [Doc. 2 at 3] (citing **United States v. Medley**, 972 F.3d 399 (4th Cir.), *reh'g en banc granted*, 828 F. App'x 923 (4th Cir. 2020)). For relief, petitioner requests that this Court vacate his conviction and set aside his sentence.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

---

[1]Taken from Rice's criminal docket from the Eastern District of Kentucky, available on PACER. See **United States v. Rice**, 2:09-CR-68-1.

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure.  Petitioner timely filed objections to the R&R [Doc. 12] on February 22, 2021.  Accordingly, the Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review.  The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention.  However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention.  28 U.S.C. § 2255; *see also* **United States v. Poole**, 531 F.3d 263, 270 (4th Cir. 2008).  The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention.  **In re Jones**, 226

F.3d 328, 332 (4th Cir. 2000).  In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

***Poole***, 531 F.3d at 269 (quoting ***In re Jones***, 226 F.3d at 333–34).

On February 3, 2021, Magistrate Judge Mazzone filed his R&R.  Therein, the magistrate judge found that the petition should be denied and dismissed without prejudice because the petitioner is challenging the legality of his conviction but cannot meet the savings clause of § 2255(e).  Specifically, the petitioner cannot meet the three-pronged test set forth in ***In re Jones*** 226 F.3d 328, 332 (4th Cir. 2000), to show that § 2255 is "inadequate or ineffective."  The R&R finds that petitioner cannot satisfy the second prong, which requires a showing that the substantive law has changed such that the conduct for which the prisoner was convicted is deemed not to be criminal.

On February 22, 2021, petitioner filed objections.  [Doc. 12].  Petitioner's primary argument is that the magistrate judge erred in finding that ***Rehaif*** did not change substantive law.  [Id. at 2].  Petitioner contends that ***Rehaif*** represents a change in substantive law because it changed the interpretation of the elements of 18 U.S.C. § 922(g)(1).

Second, and closely related to the first objection, petitioner argues that the magistrate judge erred because the cases cited in support of the magistrate judge's conclusion were all decided before ***United States v. Gary***, 954 F.3d 194 (4th Cir. 2020),

*cert. granted*, No. 20-444, 2021 WL 77245 (U.S. Jan. 8, 2021), which he claims "abrogated every last one of those cases."  [Doc. 12 at 11].

However, the crime for which petitioner was convicted, being a felon in possession of a firearm, remains a criminal offense.  This Court finds that the magistrate judge correctly concluded that petitioner cannot meet the second prong of **Jones**.  As the R&R notes, courts within the Fourth Circuit, including this Court, have held that **Rehaif** did not change substantive law.  Further, this Court is unpersuaded by petitioner's argument that **Gary** abrogated the aforementioned cases.  The Court notes that **Gary** was a direct appeal, not a collateral attack, and as such is inapplicable here.  See  **Monts v. Barnes**, 2020 WL 7699762, at *3 (D.S.C. Oct. 8, 2020) (McDonald, MJ), *report and recommendation adopted*, No. 6:20-CV-02805-JMC, 2020 WL 7695983 (D.S.C. Dec. 28, 2020) ("Here, the petitioner seeks collateral, not direct, review of his conviction; as such, neither **Lockhart** nor **Gary** provide a basis for relief for the petitioner.  Accordingly, the petitioner cannot challenge the validity of his § 922(g) conviction under § 2241.").

## IV.  CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation** [**Doc. 10**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Petitioner's objections [**Doc. 12**] are **OVERRULED**.  The Court **ORDERS** that the § 2241 petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: March 4, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE